CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 17, 2025

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Lawrence Edward Hinchee, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00030 |
| | ) | |
| Sgt. Hooks *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming federal constitutional violations pursuant to 42 U.S.C. § 1983 and asserting other state law claims. The claims asserted in this suit were initially filed as part of a complaint in which Hinchee alleged that 26 defendants violated a variety of laws and constitutional rights over many years at many institutions. *See Hinchee v. Reed et al.*, No. 7:24-cv-00721 (filed Oct. 21, 2024). On January 15, 2025, this court severed ten cases from Hinchee's initially filed complaint. *See id.*, Dkt. 10. This lawsuit (new action number 4 in the court's severance order) involves the allegations in Hinchee's initial complaint at page 11, paragraphs 31–35, which concern the confiscation of Hinchee's personal property at Coffeewood Correctional Center. (*See* Dkt. 1 at 11.)

Hinchee named four individuals as Defendants in connection with these claims. All named Defendants have appeared and filed a motion to dismiss and a memorandum in support thereof. (Dkts. 15, 16.) The court issued a *Roseboro* notice (Dkt. 17), but Hinchee did

not file an opposition to the motion to dismiss.  The court then sent a revised *Roseboro* notice (Dkt. 21) and granted Hinchee additional time to file a response opposing the motion to dismiss (Dkt. 20), but Hinchee still has not filed any response.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must state facts sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).  Moreover, to state a claim under 42 U.S.C. Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability for civil right claims is "personal, based upon each defendant's own constitutional violations").

Hinchee's complaint contains no factual allegations about any specific conduct of Defendants Lt. T. Butler, Melvin C. Davis, Sgt. Hooks, or Katie Souter in connection with his property claims except for listing their names and job titles.  The only actions of any individual alleged in paragraphs 31–35 are those of a non-party, Mr. Frazier.  (*See* Dkt. 1 at 11.)  Hinchee filed no additional pleadings that provide any more detail.  Because Hinchee has not asserted

factual allegations regarding any conduct of the named Defendants, he fails to state any plausible claim of entitlement to relief against them.

Accordingly, the court **GRANTS** Defendants' motion to dismiss, and **DISMISSES** this action without prejudice.

The Clerk is **DIRECTED** to provide a copy of this Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 17th day of July 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE